IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

BRUGNARA PROPERTIES VI

Debtor.

/

No. C 18-02822 WHA

**ORDER DENYING MOTION TO VACATE STAY ORDER**

## INTRODUCTION

In this bankruptcy appeal, a secured creditor moves to intervene and vacate an prior order granting a limited and narrow stay. For the reasons stated below, the motion to vacate is **DENIED**.

## STATEMENT

Debtor Brugnara Properties VI (BPVI) and the Brugnara family are familiar players before this Court. BPVI is a corporation created by Luke Brugnara, BPVI's former president and secretary. BPVI's only asset has been the Brugnara family home located in San Francisco.

In 2010, Luke Brugnara appointed his wife Kay Brugnara as BPVI's president and secretary. In exchange for her duties, Kay Brugnara has been "compensated" $200,000 a year (fixed for ten years) in the form of rent credit at the Brugnara family home (Dkt. No. 3).

This is BPVI's fourth Chapter 11 case. There are currently multiple liens — totaling over $14 million — against BPVI's property. Two of these liens were placed by the IRS and FTB as nominee liens for taxes owed by Luke Brugnara (who is currently incarcerated for tax

fraud). BPVI disputes its status as nominee and/or alter ego of Luke Brugnara and thus disputes the validity of the nominee liens.

In this fourth (voluntary) Chapter 11 case alone, BPVI has filed three amended plans for reorganization. On April 3, the United States Bankruptcy Court for the Northern District of California rejected BPVI's most recent plan for reorganization, concluded that the proposed plan was not confirmable on its face, and granted a non-tax creditor's motion to appoint a Chapter 11 trustee. The trustee subsequently recommended that BPVI's case be converted to Chapter 7. On April 16, the bankruptcy court denied Kay Brugnara's motion for reconsideration of the order converting the case to Chapter 7.

On May 11, Kay Brugnara appealed the order denying the motion for reconsideration and moved to stay the sale of the property (her home) pending appeal. Kay Brugnara appealed in part on the grounds that BPVI had not yet been permitted to litigate the validity of its IRS and FTB nominee liens prior to being required to propose a confirmable plan. BPVI would have been able to procure a confirmable plan, according to Kay Brugnara, had it not been for the allegedly invalid nominee liens placed against her home. An order dated June 7 granted BPVI's emergency motion to stay for the sole, limited purpose of allowing BPVI to dispute before the bankruptcy court its alleged status as nominee and/or alter ego of Luke Brugnara (Dkt. No. 18).[1] In other words, before the bankruptcy court trustee sells Kay Brugnara's family home out from under her, the order simply insisted that she be allowed to litigate whether or not BPVI is really the nominee and/or alter ego of Luke Brugnara (who owes the taxes). This issue is teed up for decision before the bankruptcy court later this year.

*Pro se* proposed intervenor Paul Greenfield, a secured creditor of BPVI's asset, now moves to intervene the instant appeal and vacate the order granting the limited stay, arguing that the granting of BPVI's stay was based on an incomplete record. BPVI opposes Greenfield's motion to intervene on the grounds of untimeliness and lack of standing. BPVI further opposes

---

[1] Kay Brugnara and Luke Brugnara both separately appealed the order as well (Case Nos. 18-02823, 18-2787). Kay Brugnara subsequently appealed the bankruptcy court's separate order granting the trustee's motion to reject executory contract (Case No. 18-03440).

2

Greenfield's motion to vacate the stay based on the motion's procedural posture. This order follows full briefing and oral argument.[2]

**ANALYSIS**

Greenfield seeks intervention in the instant appeal primarily to move to vacate the June 7 order granting the emergency motion to stay. Because this order denies the motion to vacate on the merits, it need not and will not reach Greenfield's motion to intervene.

Greenfield moves under Rules 60(a) and (b) to vacate the stay order. Civil Local Rule 7-9(a), however, requires that "before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case," a party must first obtain a leave to file a motion for reconsideration of any interlocutory order. This order now treats Greenfield's motion to vacate the stay order as a motion for reconsideration (and accordingly grants leave for the motion).

In essence, Greenfield argues that the parties' briefing in connection with the emergency stay motion focused narrowly on the validity of the nominee liens and as such, harm to other creditors was not properly considered (Dkt. No. 40 at 4). Thus while Greenfield acknowledges the Court's understandable reasoning for ordering the limited stay — *i.e.*, to prevent the potentially unnecessary eviction of Kay Brugnara and her family from their home (while her husband Luke remains in federal prison) — he asserts that the bankruptcy court's order converting BPVI's case to Chapter 7 "more appropriately focused on [BPVI's] inability to confirm a plan of reorganization to make payments to the secured creditors *other than* the taxing agencies" (Dkt. No. 40 at 5) (emphasis in original). Greenfield further takes issue with the fact that what was originally intended as an approximately two-month stay has turned into a six-month minimum stay.

Greenfield, however, does not offer any material facts or dispositive legal arguments that were not already raised in the original briefing for the emergency motion for stay. This

---

[2] Greenfield requests judicial notice of various exhibits (Dkt. No. 37). No party has opposed. These exhibits are public documents filed in the bankruptcy court in connection with the underlying case. A court may judicially notice a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). Accordingly, Greenfield's request for judicial notice is **GRANTED**.

3

order agrees that it is conceivable that the nominee status issue may ultimately have no bearing on the confirmability (or lack thereof) of BPVI's proposed plan — as the undersigned judge has already considered in the original ruling on the motion to stay. The current record, however, does not unambiguously show that the nominee tax liens did not play *any* role in the bankruptcy court's order converting BPVI's case to Chapter 7. BPVI and Kay Brugnara will therefore be afforded the opportunity to litigate the nominee status issue before the Brugnara family endures the irreparable harm of losing their home.

Though the adversary proceeding is almost four months in, despite the undersigned judge's anticipated two-month time frame, it is clear that the taxing agencies are diligently pursuing discovery to make their case (and the undersigned judge again warned BPVI and the Brugnara family at the hearing that future delay tactics will not be tolerated). Discovery is set to be closed by October 31 and a hearing on the parties' cross-motions for summary judgment is set for December 18. This order recognizes that the disposition of the adversary proceeding is taking longer than originally anticipated at the potential expense of the secured creditors, who have a right to recover their loans. The end, however, is still within reasonable sight. Accordingly, Greenfield's motion to vacate the June 7 stay order is **DENIED**.

Greenfield further requests that the Brugnaras be ordered to pay the monthly mortgage on at least the two mortgages senior to the IRS liens — the Wells Fargo Bank first and the "Saxe Mortgage" (which Greenfield purchased) second — in order to preserve the status quo. Greenfield claims the minimum payment for these two mortgages combined is $60,000 per month (Dkt. No. 38 at 10). In so requesting, Greenfield rehashes arguments previously made regarding whether injunction is proper in the instant appeal under the four factors of likelihood of success on the merits, possibility of irreparable harm, balance of hardships, and public interest. These arguments have already been considered prior to issuing the order granting the stay and will not be reconsidered at this stage. The request is **DENIED**.

**CONCLUSION**

If it turns out that BPVI is the nominee and/or alter ego of Luke Brugnara, who owes the taxes, then, of course, the trustee would be within her authority to sell the home and kick out

4

Kay Brugnara. If it turns out, however, that BPVI is *not* a nominee and/or alter ego, and its separate corporate existence must be honored, the trustee might nevertheless be within her authority to sell the home and kick out Kay Brugnara, this due to large debts owed to secured creditors having nothing to do with unpaid taxes. But in the latter scenario, at least the trustee would not be influenced or swayed by the question of an overhang of tax liability. A plan of reorganization might be more plausible, in the eyes of the bankruptcy court and trustee, if the tax liability vanished as a lien on the home.

Thus for the foregoing reasons, proposed intervenor Greenfield's motion to vacate the stay order is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 5, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE