IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>BRUGNARA PROPERTIES VI<br>　　　　Debtor.<br>_____/ | No. C 18-02822 WHA<br>No. C 18-02823 WHA<br>No. C 18-03440 WHA<br><br>**ORDER DISMISSING APPEALS** |

The above-captioned actions relate to three out of four appeals related to a challenge to the bankruptcy court's conversion of debtor Brugnara Properties VI's ("BPVI") case from Chapter 11 to a Chapter 7 in the *In re Brugnara Properties VI* proceeding. The background and procedural history of the appeals have been detailed in a prior order (*see, e.g.*, Case No. 18-2822, Dkt. No. 68).[1]

An order dated December 11, 2018, which denied as moot motions filed by proposed intervenor Paul Greenfield to, *inter alia*, dismiss the four appeals, required all appellants in all four appeals to submit their opening briefs by December 21 (*e.g.*, *id.* at 3). That order explicitly required appellants to brief the following issues (*ibid.* (emphasis added)):

> All briefing should include a section on each appellant's *standing* and clarify this court's *jurisdiction* to review the issue(s) raised. Failure to comply or address these issues in good faith may result in dismissal of the appeals.

---

[1] Those four appeals include the following: No. C 18-02787 WHA, No. C 18-02822 WHA, No. C 18-02823 WHA, No. C 18-03440 WHA.

**1.     CASE NOS. C 18-2822 AND 18-2823.**

Appellants Kay and Luke Brugnara in Case Nos. C 18-2822 and 18-2823, respectively, each appealed the bankruptcy court's order denying the motion to reconsider the decision to convert debtor BPVI's case from Chapter 11 to Chapter 7. Their "Omnibus Brief," filed on December 18, 2018 (Case No. 18-2822, Dkt. No. 70), however, is devoid of any mention of their independent standing to bring these duplicative appeals, let alone a showing of their good faith effort to address the issue. Because the order dated December 11, 2018, remained skeptical of Kay and Luke Brugnara's standing to bring these individual appeals where the debtor itself already has an appeal pending on the exact same matter, it explicitly warned of the possibility of dismissal if appellants failed to address the issue in their briefs. Appellants have had over four months to address the issue of standing and still fail to do so. Accordingly, Case Nos. 18-2822 and 18-2823 are hereby **DISMISSED**.[2]

**2.     CASE NO. C 18-3440.**

Appellant Kay Brugnara separately appealed the bankruptcy court's order granting Chapter 11 Trustee Janina Hoskins's motion to reject an executory contract between appellant and BPVI (Case No. 18-3440).

Notwithstanding the fact that the "Omnibus Brief" filed by the Brugnaras fails to give any citation to the record regarding the executory contract issue (*see* Case No. 18-2822, Dkt. No. 70 at 5–7) — unsurprising given that the Brugnaras failed to designate a relevant record — other issues warrant cause for dismissal of this appeal.

*First*, to repeat, appellant failed to address the issue of standing, in direct contravention the order dated December 11, 2018.

*Second*, appellant failed to file a written transcript of the bankruptcy court's hearing on this issue as required by the order dated December 11, 2018 (*see* Case No. 18-2822, Dkt. No. 68 at 3:1–2). Given that the bankruptcy court's written order appellant appeals simply grants the motion to reject agreement "for the reasons stated on the record" (Case No. 18-3440, Dkt. No. 1

---

[2] Debtor BPVI's related appeal, Case No. C 18-2787, will remain pending until the adversary proceeding before the bankruptcy court is resolved.

2

at 13), appellant's failure to adequately provide the relevant record — including the written transcript of the hearing during which the bankruptcy court stated the relevant reasons — by which the Court can meaningfully review the bankruptcy's order and address appellant's complaints warrants dismissal.

*Third*, as to the merits of this appeal (to the extent this order can address the merits under the current record and pleadings), appellant fails to adequately show how the bankruptcy court erred in granting Trustee Hoskins's motion to reject the executory contract that allegedly allows appellant to live in the Sea Cliff residence rent-free for ten years (until year 2020) "as compensation for her services as sole officer and president of BPVI" (Case No. 18-2822, Dkt. No. 70 at 5–6). Under Section 365(a) of the Bankruptcy Code, a Chapter 11 debtor-in-possession, "subject to the court's approval, may . . . reject any executory contract." *In re Pomona Valley Med. Grp., Inc.*, 476 F.3d 665, 669 (9th Cir. 2007). And, our court of appeals has explained as follows:

> In making its determination, a bankruptcy court need engage in only a cursory review of a [debtor-in-possession]'s decision to reject the contract. Specifically, a bankruptcy court applies the business judgment rule to evaluate a [debtor-in-possession]'s rejection decision . . . .
>
> [I]n evaluating the rejection decision, the bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate. . . . It should approve the rejection of an executory contract under [Section] 365(a) unless it finds that the debtor-in-possession's conclusion that rejection would be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice. Such determinations, clearly, involve questions of fact, which we review for clear error.

*Id.* at 670 (internal quotation marks and citations omitted) (first two alterations in original). Here, appellant contends that she "was induced to sign a lease" with debtor in 2010; that debtor "is an experienced landlord and [is] fully [] aware of what legally constitutes a valid, legal lease; and that appellant "has a bonafide, legal lease through 2020 on Sea Cliff for her duties performed pursuant to the lease with BPVI" (Case No. 18-2822, Dkt. No. 70 at 5–6). The only part of the bankruptcy court's reasoning appellant takes issue with is the following (*id*. at 6):

3

> [T]he finding by [the bankruptcy court] that the prior filings did not mention the lease in the initial filings are not grounds for the lease to be rejected as void because only one attorney forgot to include the lease in the prior filing (Belway), but addressed it in the Saxe loan documents provided to the US Trustee and [the bankruptcy court] (one of the Saxe loan documents has the lease affirmation). Moreover, [secured creditor Paul] Greenfield in his motion affirmed knowledge of the Brugnara lease on Sea Cliff in 2013 PRIOR to closing his loan. In short, Kay Brugnara's lease is not a "surprise" but rather an instrument of the proceedings and prior loan closings with the subordinate lenders party to this instant matter.

To repeat, appellant failed to file a written transcript or provide *any* way for the Court to properly review the bankruptcy court's order (and thus must review appellant's complaints without meaningful context).

That said, appellant's argument, on its face, seemingly fails to grapple with the main issue of whether the bankruptcy court clearly erred in finding that the trustee reasonably concluded that rejection of the executory contract would be advantageous. *See In re Pomona Valley*, 476 F.3d at 670 (The bankruptcy court "should approve the rejection of an executory contract . . . unless it finds that the [debtor-in-possession's] conclusion that rejection would be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice."). Though the contours of appellant's argument is not entirely clear (particularly given without a relevant record or the underlying order), appellant's attack on the bankruptcy court's "finding . . . that the prior filings did not mention the lease" fails to address the governing issue of whether Trustee Hoskins properly exercised her business judgment in rejecting the executory contract.

Trustee Hoskins argues that the executory contract "provided no benefit to the estate or its creditors and in fact, only represented a burden to the estate, as it authorized the use of a significant asset without any monetary benefit" (Case No. 18-2787, Dkt. No. 36 at 19). Trustee Hoskins explains that she thus rejected the executory contract "to lessen a damage claim and so that the property could be sold, and the proceeds used to benefit the estate, its creditors and the Debtor" (*ibid.*). Even assuming, as appellant argues, that the "lease" was not a "surprise," appellant offers no evidence or meaningful argument showing that Trustee Hoskins's rejection of the executory contract was "so manifestly unreasonable that it could not

4

be based on sound business judgment, but only on bad faith, or whim or caprice" (even with the benefit of several months to file a reply brief, which appellant failed to do). *See In re Pomona Valley*, 476 F.3d at 670. Accordingly, the appeal of the bankruptcy court's order rejecting the executory contract is **DISMISSED**.[3]

\*       \*       \*

For the foregoing reasons, the above-captioned actions are hereby **DISMISSED**. The Clerk shall please **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: March 29, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[3] Trustee Hoskins, however, may not evict appellant Kay Brugnara until the nominee issue and BPVI's appeal are resolved. The status quo with respect to Kay Brugnara's living situation shall remain in place until then.

5