FILED

JUN 16 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

RECEIVED
JUN 18 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

C18-2822WHA

| | |
|---|---|
| In re:<br><br>BRUGNARA PROPERTIES VI,<br><br>Debtor. | BAP No.   NC-20-1064<br><br>Bk. No.   17-30501 |
| LUKE BRUGNARA,<br><br>Appellant,<br><br>v.<br><br>JANINA M. HOSKINS, Chapter 7 trustee,<br><br>Appellee. | ORDER TRANSFERRING IFP MOTIONS TO DISTRICT COURT FOR DETERMINATIONS |

Before: GAN and FARIS, Bankruptcy Judges.

On May 27, 2020, appellant filed a motion for leave to proceed in forma pauperis with respect to this appeal ("First IFP Motion"). An order was issued by the BAP Clerk, giving the bankruptcy court the opportunity to make a certification under 28 U.S.C. § 1915(a)(3) regarding whether the appeal is frivolous. The bankruptcy court did not issue a certification that the appeal is not taken in good faith.

Appellant filed a second IFP motion on June 11, 2020 ("Second IFP

Motion").

Under the holding of *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9th Cir. 1992) and *Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 496 (9th Cir. BAP 1995), the Bankruptcy Appellate Panel has no authority to grant or deny in forma pauperis motions under 28 U.S.C. § 1915(a) because bankruptcy courts are not "court[s] of the United States" as defined in 28 U.S.C. § 451.

Appellant's IFP Motions are hereby TRANSFERRED to the United States District Court for the Northern District of California for the limited purpose of ruling on the IFP Motions. It is appellant's responsibility to take all necessary steps to have the IFP Motions considered by the district court within a reasonable period of time.

No later than **Thursday, July 16, 2020**, appellant must file with the Panel and serve on opposing counsel a written response which includes as an exhibit a copy of the district court's order on the IFP Motions or an explanation of the steps appellant has taken to have the IFP Motions considered by the district court. For the convenience of the district court, copies of the notice of appeal, the order on appeal, and the IFP Motions are attached to this order.

Appellee's obligation to file a responsive brief is hereby EXTENDED until FOURTEEN (14) days after entry of an order resolving the IFP Motions.

Failure to comply with the requirements of this order may result in dismissal of this appeal for lack of prosecution without further notice to the parties.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

BK CASE # 17-30501 DM

In the Matter of:

BRUGNARA PROPERTIES VI,
a California corporation

FILED
MAR 17 2020
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

## NOTICE OF APPEAL

Movant and Interested Party Luke Brugnara ("Brugnara") files this NOTICE OF APPEAL to appeal the Bankruptcy Court's ORDER DENYING MOTION TO RETURN PERSONAL PROPERTY.

The BK Court erred in its abbreviated/curt ruling, as it is required under BK Law to conduct an evidentiary hearing based upon the claims made by Brugnara in the MOTION and RESPONSE regarding extraordinarily valuable personal property owned by Brugnara Corporation held by Brugnara Properties VI ("BPVI") at the SeaCliff property on basement, including priceless Renaissance religious stain glass over 500 yrs old of Jesus, Constantine, Peter and Joseph; the Tiffany landmark skylight formerly at Fred Furth's penthouse office at 201 Sansome Street - worth over one million dollars ($1,000,000.00 USD+); the 100 yr old Brugnara Corporation 15 foot crystal street clock - formerly in front of 351 Calif Street for 15 years. and the three (3) BRUGNARA CORPORATION 15 foot+ office building illuminated signage formerly on 351 CalifSt. -- the clock worth over one hundred thirty thousand dollars ($130,000.00 USD), the BRUGNARA CORPORATION signs cost/worth over one hundred thousand dollars ($100,000.00 USD+)... The Court (BK) erred by misapplying the FACTS and BK LAW, as Brugnara indeed filed a declaration with his MOTION, and will produce numerous third-party witnesses at the evidentiary hearing to support his claims that

these valuable BRUGNARA CORP (sec:Brugnaracorp.com) personal property items were in the garage at Sea Cliff, and the Huge signs on the side of Sea Cliff and the trustee (claims) she "threw them in the garbage[?]." Complete dereliction of duty and breach of BK law and state, Federal and Local laws which protected the Tiffany skylight and the Renaissance stainglass and street clock from destruction.

In summation, Montali has made numerous adverse orders in this BK case that are pending appeal in the 9th Circuit Court of Appeals; not from just Brugnara but also from the US Dept of Justice Washington D.C.[1] Brugnara requests the Court of Appeals reverse Montali's order and require him to conduct an evidenciary hearing, which will prove these items, worth over $1.3 Million, were destroyed illegally by the trustee's agents/vendor and that BPVI is liable to Brugnara corp. for the value of these items, or immediate return of these valuable items.

ORDO AB CHAO

LUKE BRUGNARA

3/11/20

[1]. The 9th Circuit Court is currently reviewing on appeal in this case (BK of BPVI); 1.) the nominee lien ruling by Montali; 2.) the Sea Cliff sale; 3.) the stay of the Sea Cliff sale; 4.) this personal property claim by Brugnara.

Entered on Docket
March 06, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: March 6, 2020

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Brugnara Properties VI<br><br>            Debtor. | Bankruptcy Case<br>No. 17-30501-DM<br><br>Chapter 7 |

## ORDER DENYING MOTION TO RETURN PERSONAL PROPERTY

Interested party Luke Brugnara filed a motion for return of personal property (the "Motion") (dkt. #430) on February 11, 2020. The Chapter 7 Trustee opposed on February 13, 2020 (dkt. #435). The Motion was denied on the record on February 14, 2020. Mr. Brugnara then filed a response on February 28, 2020 (dkt. #457). Good cause appearing, the court reiterates its ruling that the Motion is DENIED.

In the future, the court will not consider motions unless they are properly noticed, served, and set for hearing in accordance with Bankruptcy Local Rules. Facts alleged in motions must be supported by competent evidence. The court will strike any unsupported allegations of religious bias.

The court notes that it has already ordered the sale of real property related to the Motion and denied a motion for reconsideration of that sale, and thus will not take further action on related requests.

*** END OF ORDER ***

UNITED STATES BK APPELLATE PANEL
FOR THE NINTH CIRCUIT

In the Matter of:                BAP # NC-20-1064

BRUGNARA PROPERTIES VI           BK # 17-30501


LUKE BRUGNARA,                   MOTION FOR LEAVE TO
        Appellant                PROCEED FORMA PAUPERIS;
                                 OPENING BRIEF

        v.                       RECEIVED
                                 Susan M. Spraul, Clerk
                                 U.S. BKCY. APP. PANEL
                                 OF THE NINTH CIRCUIT

JANINA HOSKINS,                  MAY 27 2020
        Appellee
                                 FILED_____
                                 DOCKETED_____
                                        INITIAL

Appellant Luke Brugnara ("Brugnara") files this formal Motion For Leave To Proceed Forma Pauperis and Opening Brief in this instant matter, as requested by Judge Faris's May 8, 2020 Order re: Fees, received by Brugnara May 19, 2020.

Brugnara indeed did, in brevity, file a Motion For Leave to Proceed In Forma Pauperis (ATTACHED "COPY" filed w/ BAP May 7, 2020) May 2, 2020 with BAP. Brugnara re-Motions this BAP for forma pauperis status because he is confined in a Federal institution until June 5, 2020 with no access to any money/funds whatsoever; and therefore is unable to pay the fees.[1] In short, Brugnara cannot pay the fees because of the restrictions and inability to pay. Brugnara makes these representations to BAP under penalty.

                                 Respectfully,

1. Brugnara is back home to
San Francisco/Sea Cliff June 5, 2020.
                                 [signature]
                                 LUKE BRUGNARA
                                 5/19/20

# U.S. BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

In the matter of: ~~COPY~~     BK Case # 17-30501

BRUGNARA PROPERTIES     BAP # NC-20-1064

RECEIVED
Susan M. Spraul, Clerk
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

MAY -7 2020

LUKE BRUGNARA,
    Appellant

FILED ____
DOCKETED ____

v.

JANINA HOSKINS,
    Appellee

RESPONSE TO NOTICE OF DEFICIENCY; REQUEST FOR LEAVE FOR FORMA PAUPERIS; DESIGNATION OF RECORD; TRANSCRIPT ORDER NOTICE; STATEMENT OF ISSUES; DECLARATION LUKE BRUGNARA

Appellant Luke Brugnara ("Brugnara") received May 1, 2020 NOTICE OF DEFICIENCY on his pending appeal in this instant matter with a request for a response regarding the following items (Brugnara replies herein with detailed explanation(s)/response(s), as requested):

1) Pay the filing/docket fee -- Brugnara is unable to pay any fees, as Brugnara, in confinement, has no (∅) access to funds until released to home June 2020. Brugnara has already been granted forma pauperis status by the Federal Courts in this instant matter, and other Federal matters due to Brugnara's circumstances. Per FRAP 24, forma pauperis status remains as status quo for Brugnara through these proceedings, as Brugnara's financial capabilities to pay fees have not changed since the prior forma pauperis filings. This response shall serve as a Request For Leave To Proceed Forma Pauperis for these reasons detailed herein. Brugnara makes these statements under penalty and declares them true and correct.

2) File Designation of Record / File Transcript Order Notice - There was no hearing on this matter. The BK Court ruled from the bench, so there are no transcripts. The BK Court denied Brugnara's Motion For Return of Extraordinarily Valuable

UNITED STATES BANKRUPCY APPELLATE PANEL
OF THE NINTH CIRCUIT

RECEIVED
Susan M. Spraul, Clerk
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

JUN 11 2020

FILED _____
DOCKETED _____
INITIAL _____

In the Matter of:

BK # 17-30501

BRUGNARA PROPERTIES VI,
("BPVI")

| LUKE BRUGNARA, | MOTION TO LEAVE TO |
| Appellant | PROCEED IN FORMA |
| v. | PAUPERIS; DECLARATION |
| JANINA HOSKINS, GREENFIELD, PSG, | OF LUKE BRUGNARA |
| Appellee(s) | |

Appellant, Luke Brugnara ("Brugnara") motions this BAP to proceed in forma pauperis in these appeals. Brugnara has been granted forma pauperis in this instant matter ("BPVI BK"), in BK Court, US District Court, 9th Circuit Court of Appeals, and BAP in the past 60 days because Brugnara is confined and has no access to pay any funds whatsoever to pay any fees or costs. Brugnara's condition/ability has NOT changed, as he is still in confinement with no access to friends and is 24/7 lockdown/quarantine COVID-19, which caused a few week delay to his return home to S.F.

I declare under penalty the foregoing true and correct.

Respectfully,

6/5/20

[signature]
LUKE BRUGNARA

Page 1 of 1
Case: 20-1064, Document: 17, Filed: 06/11/2020